UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STELLA D. COULSTON *et al.*,

    *Plaintiffs*,

v.

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY *et al*.,

    *Defendants*.

Civil Action No. 19-2060 (TJK)

## MEMORANDUM OPINION

Plaintiffs seek to recover for the alleged wrongful death of their adult son who was killed by a train after he laid down on the Metro tracks. They contend that his death was caused by Defendants' negligent conduct. Defendants move to dismiss for failure to state a claim, arguing that recovery is barred for two reasons: first, because the decedent committed suicide, and second, because he became a trespasser when he climbed down onto the tracks. For the reasons discussed below, the Court agrees with the second reason, which is uncontested. Plaintiffs have failed to state a claim because—even construing all inferences in their favor—on the facts alleged in the Complaint, the decedent was a trespasser, and Defendants may not recover for any negligence that led to his nonetheless tragic death.

**I.  Background**

Walter Coulston Jr. "had a history of mental illness and depression."[1] ECF No. 1 ("Compl.") ¶ 14. One evening in July 2017, he "laid down on the train track" and was struck and killed by a Metro train. *Id.* ¶¶ 15, 22–26. Coulston spent the last ten or so minutes of his life

---

[1] For purposes of this motion, the Court accepts as true the allegations in the Complaint.

"acting suspiciously" and wandering around the westbound side of the platform. *Id.* ¶¶ 17–21, 27. He was the only person on that side. *Id.* ¶ 16. He peered over the edge of the platform, sat down with his legs hanging off the side, got up and walked to the end of the platform and looked over a parapet, and eventually sat down again with his legs hanging off the side. *Id.* ¶¶ 19–21. He then "slid down and dropped into the train pathway and onto the train tracks," where he laid down for about two minutes. *Id.* ¶¶ 21–23, 28. Though he briefly sat up as an incoming train approached, the train failed to stop, and it struck and killed him. *Id.* ¶¶ 25–26. The entire event was captured by surveillance video broadcast into the relevant station manager's kiosk and Metro's Railway Operation Command Center. *Id.* ¶¶ 30–31. However, no one tried to intervene or to stop the incoming train. *Id.* ¶¶ 30–36.

Coulston's mother—who is also the executor of his estate—and father filed this suit a year later. *Id.* ¶¶ 5–6. They assert wrongful death claims against the Washington Metropolitan Area Transit Authority (WMATA), the station manager, and the train operator. *Id.* ¶¶ 11–13, 39–77. They allege that Defendants' negligent conduct caused Coulston's death. *Id.* Specifically, they identify several steps that Defendants failed to take, but that "a reasonably competent" employee would have taken "under similar circumstances . . . to comply with all applicable Safety Rules and Procedures and SOPs." *Id.* ¶¶ 41–43, 53, 58, 65, 70, 74.

Defendants moved to dismiss the entire suit for failure to state a claim. ECF No. 4-1 ("MTD"). They argue that the two WMATA employees are improper defendants and that Coulston's father is not a proper plaintiff. *Id.* at 4–5, 12. They also contend that the Complaint fails to state a claim against WMATA for two reasons. First, they argue that recovery for wrongful death is barred in cases of suicide. *Id.* at 5–10. And second, they argue that recovery

for any negligence on WMATA's part is barred because Coulston was trespassing at the time of his death. *Id.* at 10–11.

Plaintiffs concede that the employee-defendants and Coulston's father should be dismissed as parties. ECF No. 8-1 ("Opp'n") at 4. However, they otherwise oppose dismissal and argue that WMATA is vicariously liable for its employees' negligence. *Id.* at 1–5. They also argue that Coulston could not have intended to commit suicide because he lacked the mental capacity to form the requisite intent or appreciate the risks his conduct created. *Id.* at 2–4. Notably, they did not respond to Defendants' arguments that the Complaint fails to state a claim because Coulston was trespassing. *See generally* Opp'n.

## II.     Legal Standard

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency" of the complaint. *Herron v. Fannie Mae*, 861 F.3d 160, 173 (D.C. Cir. 2017). The Court construes all factual inferences in favor of the plaintiff when considering a Rule 12(b)(6) motion. *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012). Even so, "a complaint must have 'facial plausibility,' meaning it must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## III.    Analysis

The District of Columbia Court of Appeals has defined a "trespasser" as "one who enters or remains upon property in the possession of another without the consent of the possessor." *Lacy v. Sutton Place Condo. Ass'n, Inc.*, 684 A.2d 390, 393 (D.C. 1996). Consent may be implied "by some affirmative act or by appearances which would justify a reasonable person is believing that" consent had been given. *Boyrie v. E & G Prop. Servs.*, 58 A.3d 475, 478 (D.C. 2013) (quoting *Firfer v. United States*, 208 F.2d 524, 527 (D.C. Cir. 1953)). Relevant here, a

3

trespasser cannot recover for a landowner's negligent failure to render premises safe. *Lacy*, 684 A.2d at 393. Rather, she may only recover "for 'intentional, wanton or willful injury or the maintenance of a hidden engine of destruction.'" *Id.* (quoting *Firfer*, 208 F.2d at 528); *see also Toomer v. William C. Smith & Co.*, 112 A.3d 324, 328 (D.C. 2015) ("Under current District of Columbia tort law, licensees are entitled to a duty of reasonable care, whereas trespassers are not.").

Defendants argue—and Plaintiffs do not contest—that Coulston became a trespasser when he left the station platform and climbed down onto the tracks.[2] MTD at 10. In a similar case, a court in this District held that a plaintiff could not recover damages from WMATA for injuries he sustained when a Metro train hit him while he was in a tunnel. *Whitaker v. Washington Metro. Area Transit Auth.*, 1984 U.S. Dist. LEXIS 16712, *10–18 (D.D.C. May 14, 1984).[3] As the court in that case explained, the plaintiff became a trespasser the moment he entered "the subway tunnel, a place where the public was not invited and in fact, was expressly prohibited from entering." *Id.* at *10; *see also id.* at *14 ("It is clear that there is no justification for a reasonable person to believe that defendant would consent to the entry of the public into the subway tunnel and onto the tracks.").

---

[2] Defendants argue that the plaintiffs' failure to contest this point should end the case. ECF No. 10 at 2; *see, e.g.*, *Lockhart v. Coastal Int'l Sec., Inc.*, 905 F. Supp. 2d 105, 118 (D.D.C. 2012). But the D.C. Circuit recently cast doubt on whether failing to oppose an argument is, alone, enough to warrant dismissal. *Washington All. of Tech. Workers v. United States Dep't of Homeland Sec.*, 892 F.3d 332, 345 (D.C. Cir. 2018). Because the Court agrees with Defendants, it need not decide whether Plaintiffs' failure to respond is dispositive.

[3] Although *Whitaker* was decided on summary judgment, the Court references it solely for the proposition that a Metro passenger becomes a trespasser when he proceeds onto the train tracks as Coulston allegedly did here. Obviously, the Court is not suggesting that Plaintiffs must meet the summary judgment standard to avoid dismissal. Still, they must allege facts that make their claim to relief legally plausible.

Likewise, Plaintiffs allege that Coulston climbed down onto the tracks and laid down before he was struck by the train. Compl. ¶¶ 21–26, 28. And Plaintiffs have not tried to contest that on the facts alleged, Coulston was trespassing at the time of his death. *See id.*; *see also generally* Opp'n. Moreover, the Complaint does not allege that WMATA or any of its employees acted intentionally, wantonly, or willfully, or that Coulston died because of some hidden danger. Rather, it only alleges that Defendants were negligent in failing to act in a reasonably competent manner to stop the oncoming train. *See* Compl. ¶¶ 41–43, 53, 58, 65, 70, 74.[4] The Complaint thus fails to state a claim upon which relief may be granted and must be dismissed. *See Anderson v. United States*, No. CIV. A. 91-0016-LFO, 1992 WL 118312, at *2 (D.D.C. May 18, 1992) ("Since plaintiff does not allege that defendants breached the duty of care owed to her as a trespasser, her complaint must be dismissed.").[5]

## IV. Conclusion

For these reasons, the Court will grant Defendants' Motion to Dismiss, ECF No. 4, and dismiss the Complaint. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 13, 2020

---

[4] Because Plaintiffs do not invoke it, the Court need not consider whether the last clear chance doctrine applies. *See Fisher v. Latney*, 146 A.3d 88, 93 (D.C. 2016).

[5] Although Defendants seek dismissal with prejudice, the Court is not persuaded doing so would be appropriate here given the narrow grounds on which it is ruling. *See Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006) ("The standard for dismissing a complaint with prejudice is high: 'dismissal with prejudice is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996)).